US District Court Case No. —

TDC 20 CV 1960

# IN THE US DISTRICT COURT OF MARYLAND

## BILL OF COMPLAINT — TORT CLAIM, DISCRIMINATION

*Caption: James Ellis Hall, II v. Verizon Communications, Inc.*

Plaintiff: James Ellis Hall, II

Address:

> 6 Taft Ct
> Rockville, MD 20850

Representation:

> James Ellis Hall, II (*self-represented*)
> 6 Taft Ct
> Rockville, MD 20850
> Email: james.e.hall@live.com
> Phone: (240) 551-9783

v.

Defendant: Verizon Communications, Inc.

Address:

> Verizon Communications, Inc.
> Attn: Hans Vestberg, Chief Executive Officer
> 1095 Avenue of the Americas
> New York, NY 10036

Representation:

> *Not yet entered*

US District Court Case No. —

## TABLE OF CONTENTS

1. Jurisdiction
2. Statement of Facts Material to Claim
3. Statement of Claim
4. Requested Relief, with Counts/Charges
5. Grounds and Authorities, in Support of Claim
    A. Constitutional Provisions, Statutes, Ordinances and Regulations
    B. Supporting Case Law
6. Historical Litigation, Between Parties
7. Signature

## JURISDICTION

This complaint is filed under jurisdiction of USC, Title 28, Judiciary and Judicial Procedure, § 1332, Diversity of citizenship. The Plaintiff is a citizen of the State of Maryland, with the Defendant being incorporated in the State of Delaware, and its corporate headquarters being in the State of New York, with a majority share of business also in the Commonwealth of Virginia.

Per USC, Title 28, Judiciary and Judicial Procedure, § 1332:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States.

US District Court Case No. —

Per (c)(1), of above title and section:

A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.

Further, this complaint is filed under jurisdiction of United States statute, USC, Title 42, The Public Health and Welfare, § 2000e, Title VII of Civil Rights Act of 1964, including, § 2000e-2, Unlawful Employment Practices.

US District Court Case No. —

## STATEMENT OF FACTS MATERIAL TO CLAIM

James Ellis Hall, II (Plaintiff) was employed by Verizon Communications, Inc. (Defendant) from 2002, until 2018.

During his employment, he worked in roles in support of billing, customer service, pricing and solutions architecture.

In his role as a pricing specialist and pricing manager, he supported competitive pricing strategy to capture federal contracts, such as the Networx IDIQ contract, valued at approximately $20 billion, the Dept. of Homeland Security USCIS interactive voice response platform and the Dept. of Health and Human Services call center services.

In this same role, he also managed a team of pricing analysts, and provided support of software development, for strategic pricing systems.

Throughout his career at Verizon, the Plaintiff supported the Dept. of Homeland Security, and the Dept. of Defense, in addition to the federal healthcare vertical market.

His last position of employment at Verizon, was as a senior solutions architect, supporting the Dept. of Homeland Security, including support of the sole-source contract, EINSTEIN 3A, a cybersecurity application provided to the Executive Branch of the federal government.

Social media postings, which were the subject of unlawful termination of employment, stem from independent work and expertise of the Plaintiff, as an expert in the field of Hindu theology. This work comprises translation of scripture, commentary on

US District Court Case No. —

religious principles and comparative work in Southeast Asian literature, and Scandinavian studies.

The Plaintiff is a published author, with credits related to translation of the Bhagavad Gītā, the Hindu Bible — as well as with comparative work in Chinese scripture, Old English literature, as well as Old Icelandic.

Social media articles, published by the Plaintiff, as referenced in the Statement of Claim, constitute expressions of Hindu religious belief, and religious practice, and also include content reporting on misconduct in the administration of a federal contract, as well as reports on sexual abuse against a child, from a retired executive, with Immigration and Customs Enforcement (ICE).

US District Court Case No. —

## STATEMENT OF CLAIM

On June 18th, 2018, Verizon Communications, Inc. (Defendant), held a call with James Ellis Hall, II (Plaintiff), concerning social media activity. Corporate counsel for the Defendant, indicated that the Plaintiff would be suspended, with pay, while an internal investigation was conducted, concerning social media activity.

Subsequent to the Plaintiff indicating that he would comply with the investigation, but while asserting that communication must be documented in writing, on June 19th, 2018, the Defendant terminated employment, without an investigation.

The content of this social media activity, is protected by United States statute, under USC, Title 42, The Public Health and Welfare, § 2000e, Title VII of Civil Rights Act of 1964, including, § 2000e-2, Unlawful Employment Practices, with respect to religion.

The content of the public social media posts wholly constitute protected expressions of religious belief, and practice.

Per 42 USC § 2000e-2(a), "it shall be an unlawful employment practice for an employer (1) to to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

These public social media posts were made with personal computer resources, not owned by the Defendant, and they were made while off-duty, on personal time.

The content of these posts are expressions of religious principles, and deeply-held religious belief.

Additional content was included in these articles, written and published on personal, off-duty time, using personal computer resources, that also provided report on misconduct in the administration of a sole-source federal contract, EINSTEIN 3A.

This additional content also included reports of sexual abuse against a child, with respect to a retired member of the Senior Executive Service, with Immigration and Customs Enforcement (ICE).

In addition to 42 USC § 2000e-2(a), protection is afforded under United States common law, concerning the rights of a corporation to regulate freedom of speech in the workplace.

Further, this social media activity is protected by the Whistleblower Act of 1989, concerning the rights of a federal employee to report on misconduct, related to activity under oversight of the Executive Branch of the federal government.

Activities concerning reporting on misconduct in administration of a government contract, EINSTEIN 3A, were made concerning employment at the time, by the Defendant, as a contractor for the Dept. of Homeland Security (DHS), specifically, DHS Headquarters, via the National Protection and Programs Directorate (NPPD), holding a Public Trust with this agency, in support of the EINSTEIN 3A contract.

US District Court Case No. —

## REQUESTED RELIEF

Count 1. Award of compensatory damages, for personal injury, as violation of civil rights, with respect to discrimination based on religious expression, and religious belief; personal injury, as negligence in termination of employment, without investigation; Award value, $12,500,000.

Count 2. Award of punitive and deterrent damages, for personal injury, as violation of civil rights, with respect to discrimination based on religious expression, and religious belief; personal injury, as negligence in termination of employment, without investigation; Award value, $12,500,000.

Total value of claim: Counts 1, and 2 — $25,000,000.

US District Court Case No. —

GROUNDS AND AUTHORITIES

(IN SUPPORT OF STATEMENT OF CLAIM)

CONSTITUTIONAL PROVISIONS, STATUTES, ORDINANCES AND REGULATIONS

<u>USC, Title 42, The Public Health and Welfare, § 2000e, Title VII of Civil Rights Act of 1964, including, § 2000e-2, Unlawful Employment Practices.</u>

UNLAWFUL EMPLOYMENT PRACTICES

SEC. 2000e-2. [Section 703]

(a) Employer practices

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

—

<u>USC, Title 5, Govenment Organization and Employees, § 2105, Employee.</u>

**(a)** For the purpose of this title, "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is —

**(1)** appointed in the civil service by one of the following acting in an official capacity —

**(A)** the President;

US District Court Case No. —

**(B)** a Member or Members of Congress, or the Congress;

**(C)** a member of a uniformed service;

**(D)** an individual who is an employee under this section;

**(E)** the head of a Government controlled corporation; or

**(F)** an adjutant general designated by the Secretary concerned under section 709(c) of title 32;

**(2)** engaged in the performance of a Federal function under authority of law or an Executive act; and

**(3)** subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

—

USC, Title 5, Govenment Organization and Employees, § 2302, Prohibited personnel practices (a)(1)(b)(8).

(a)

(1)  For the purpose of this title, "prohibited personnel practice" means any action described in subsection (b).

…

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority —

…

10

[(b)](8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of —

(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences —

(i) any violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,

if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs.

—

USC, Title 5, Govenment Organization and Employees, § 2302, Prohibited personnel practices (c)(1)(b).

(c)

(1) In this subsection—

...

(B) the term "whistleblower protections" means the protections against and remedies for a prohibited personnel practice described in paragraph (8) or subparagraph (A)(i), (B), (C), or (D) of paragraph (9) of subsection (b).

—

US District Court Case No. —

<u>USC, Title 5, Govenment Organization and Employees, § 1201, Public Law 101-12, Whistleblower Protection Act of 1989.</u>

SEC.2. FINDINGS AND PURPOSE.

(a) FINDINGS. — The Congress finds that —

(1) Federal employees who make disclosures described in section 2302(b)(8) of title 5, United States Code, serve the public interest by assisting in the elimination of fraud, waste, abuse, and unnecessary Government expenditures;

(2) protecting employees who disclose Government illegality, waste, and corruption is a major step toward a more effective civil service.

(b) PURPOSE. — The purpose of this Act is to strengthen and improve protection for the rights of Federal employees, to prevent reprisals, and to help eliminate wrongdoing within the Government by —

(1) mandating that employees should not suffer adverse consequences as a result of prohibited personnel practices.

US District Court Case No. —

## SUPPORTING CASE LAW

Pickering v. Board of Education, 391 U.S. 563, 88 S. Ct. 1731 (1968).

This case determined, that exercise of free speech is entitled to protection, if it does not conflict with performance of duties, or to the operations of the employer.

Branti v. Finkel, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980).

This case determined, that exercise of free speech is entitled to protection, even in a privileged position (such as policy-maker, or a position of confidence) if it does not limit the effectiveness of an employee, with respect to that position.

Barker v. City of Del City, 215 F.3d 1134, 1137 (10th Cir. 2000).

This case determined, consistent with Pickering v. Board of Education, and Branti v. Finkel, that termination of employment, resulting from exercise of free speech, must have a demonstrable adverse impact on the operations of said employer.

## HISTORICAL LITIGATION BETWEEN PARTIES

A past case exists with the Defendant. Case No. 1:18-cv-01080-LO-TCB, was dismissed, without prejudice, for failure to state a claim.

The case was appealed to the Fourth Circuit Court of Appeals, USCA Case No. 18-2375, and the appeal dismissed with remand issued to the Eastern District Court of Virginia, with guidance provided to the District Court, to determine disposition.

The Eastern District Court of Virginia, where the Plaintiff was resident at the time of the complaint, granted leave to amend the complaint. This complaint was not amended, as the Plaintiff was serving a sentence in Montgomery County, Maryland, for a criminal case, which is now under appeal in the Maryland Court of Special Appeals.

The Defendant, and Eastern District Court of Virginia, were notified of the incarceration, Docket Entry No. 38.

No issues of that case were reviewed or adjudicated in a trial court.

US District Court Case No. —

SUBMITTED BY

Name (Plaintiff): James Ellis Hall, II

Date: June 29th, 2020

Signed: