IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JAMES ELLIS HALL, II,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-20-1960** |
| | * | |
| **VERIZON COMMUNICATIONS, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff James Ellis Hall II, proceeding *pro se*, brought this civil action against Defendant Verizon Communications, Inc. ("Verizon"), alleging that Defendant unlawfully, and without an investigation, terminated Plaintiff's employment based on Plaintiff's publication of two articles on social media. ECF No. 1; ECF No. 28-2. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 20, and Plaintiff's Motion to Amend Pleading, ECF No. 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion to Amend is denied, and Defendant's Motion to Dismiss is granted.

## I.   BACKGROUND[1]

Defendant Verizon employed Plaintiff James Ellis Hall II from 2002 until 2018. ECF No. 1 at 4;[2] *see also* ECF No. 28-2 ¶¶ 11, 14. During Plaintiff's employment with Defendant,

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1 and Plaintiff's proposed Amended Complaint, ECF No. 28-2, and are presumed to be true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiff worked in billing, customer service, pricing, and solutions architecture. ECF No. 1 at 4. Throughout his employment, Plaintiff supported the Department of Homeland Security, the Department of Defense, and "the federal healthcare vertical market." *Id.* Plaintiff's last position at Verizon was as a senior solutions architect supporting the Department of Homeland Security, including working on the EINSTEIN 3A, a "sole-source" contract involving a cybersecurity application. *Id.*; ECF No. 28-2 ¶ 14. Plaintiff had an exemplary professional record at Verizon. ECF No. 28-2 ¶ 15.

"Plaintiff is [also] a published author, with credits related to translation of the Bhagavad Gītā, the Hindu Bible—as well as with comparative work in Chinese scripture, Old English literature, as well as Old Icelandic." ECF No. 1 at 5. In 2018, in his role as an author, Plaintiff wrote and published two articles on a Facebook page. ECF No. 1 at 4–5; ECF No. 28-2 ¶ 18. The Facebook page to which Plaintiff published these articles is not a personal page or account, but instead is a page listed as "being for the purpose of promoting traditional Hindu theology and spirituality." ECF No. 28-2 ¶ 18. Both articles were also shared to Plaintiff's personal Facebook feed. *Id.*

Plaintiff's first article, published on May 15, 2018, included content reporting on a retired federal executive's alleged sexual abuse of a child. *Id.* ¶¶ 13, 19; ECF No. 1 at 5, 7. Plaintiff's second article, published on June 14, 2018, promoted the first article and included content reporting on alleged misconduct in the administration of a federal contract—*e.g.*, wasted spending and program mismanagement. ECF No. 1 at 5, 7; ECF No. 28-2 ¶¶ 13, 20. Both articles reference Hindu beliefs and spiritual practices, Sanskrit literature, and Plaintiff's translations of that literature. ECF No. 1 at 5, 7; ECF No. 28-2 ¶¶ 13, 19–20. Defendant Verizon "was aware of the content of the subject articles, including the religious content, the Plaintiff's reports on

criminal activity, as well as the disclosures concerning gross mismanagement, and gross waste of funds." ECF No. 28-2 ¶ 22.

On June 18, 2018, following Plaintiff's publication of the two articles on social media, Defendant held a call with Plaintiff concerning Plaintiff's social media activity and informed him that he would be suspended pending an internal investigation. ECF No. 1 at 6; ECF No. 28-2 ¶ 12. Plaintiff indicated that he would cooperate with the investigation but asserted "that communication must be documented in writing[.]" ECF No. 1 at 6. Nonetheless, on June 19, Defendant terminated Plaintiff's employment due to Plaintiff's publication of the two articles. *Id.*; ECF No. 28-2 ¶ 12. Plaintiff's termination was not due to his performance. ECF No. 28-2 ¶ 16. Additionally, Defendant "did not perform an investigation to determine whether the articles included protected speech, whether there was, or would have been, any actual adverse impact, and/or whether there was any actual violation of policy." ECF No. 28-2 ¶ 21. In fact, Plaintiff's social media articles "did not adversely impact the Defendant's workplace environment, operations, customer[s], or business, nor did the same impact the Plaintiff's effectiveness to perform his assigned duties or roles, either in employment by the Defendant, or in his support of the federal government." *Id.* ¶¶ 24, 31, 43, 51. Plaintiff further alleges that he was injured by Defendant's unlawful termination of Plaintiff's employment. *Id.* ¶¶ 26, 33, 46, 58.

Plaintiff originally challenged Defendant's wrongful termination of his employment in the Eastern District of Virginia, bringing a First Amendment claim. ECF No. 1 at 14; ECF No. 23-1.[3] The United States District Court for the Eastern District of Virginia (the "Eastern District of Virginia") dismissed Plaintiff's complaint without prejudice for failing to state a claim upon which relief could be granted. ECF No. 1 at 14; ECF No. 23-1. Specifically, the Eastern District

---

[3] The Court "may take judicial notice of matters of public record, including court and administrative filings." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016).

of Virginia held that:

> Plaintiff's claim fails as a matter of law because "the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976). "The Constitution does not protect or provide redress against a private corporation which abridges the free expression of others." *McIntyre-Handy v. APAC Customer Servs., Inc.*, 422 F. Supp. 2d 611, 626 (E.D. Va. 2006) (citing *Hudgens*, 424 U.S. at 513). Because Verizon is not a government actor, and Plaintiff's claim deals solely with private parties, Plaintiff has failed to state a claim upon which relief can be granted.

ECF No. 23-1 at 2–3. Plaintiff then appealed the Eastern District of Virginia's dismissal to the United States Court of Appeals for the Fourth Circuit, which found that the order being appealed was not final because Plaintiff "could cure the defects in his complaint through amendment," and therefore "dismiss[ed] the appeal for lack of jurisdiction, and remand[ed] the case to the district court with instructions to allow [Plaintiff] to file an amended complaint." ECF No. 23-2 at 3; ECF No. 1 at 14. On remand, the Eastern District of Virginia issued an Order instructing Plaintiff to amend his Complaint within 30 days and informing him that, if he failed to do so, "the case will be dismissed with prejudice." ECF No. 23-3 at 2; ECF No. 1 at 14. Plaintiff failed to amend his complaint, ECF No. 1 at 14, and, thus, the Eastern District of Virginia dismissed Plaintiff's action with prejudice on April 20, 2019, *see* ECF No. 23-3 at 2; Order at 1, *Hall v. Verizon Commc'ns, Inc.*, No. 1:18cv1080 (E.D. Va. Apr. 29, 2019), ECF No. 37.

Over a year later, on July 2, 2020, Plaintiff, proceeding *pro se*, initiated the instant action. ECF No. 1. Defendant responded by filing a Motion to Dismiss on January 7, 2021. ECF No. 20. Plaintiff opposed Defendant's Motion on January 28, 2021, ECF No. 23, and Defendant replied on February 12, 2021. ECF No. 24. Plaintiff then filed a Motion to Amend Pleading on June 17, 2021. ECF 28. Defendant opposed Plaintiff's Motion on July 6, 2021, ECF No. 29, and Plaintiff replied on July 15, 2021, ECF No. 30.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The purpose of Fed. R. Civ. P. 12(b)(6) "is to test the sufficiency of a complaint and not

to resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and citation omitted). "The court may, however, rule on an affirmative defense such as res judicata [at the motion to dismiss stage] where 'it clearly appears on the face of the complaint.'" *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citations omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any references to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The Court must abide by its "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal citations omitted).

When reviewing a motion to dismiss, the Court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013). The Court "may take judicial notice of matters of public record, including court and administrative filings." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (internal quotation marks and citation omitted).

6

Specifically, in considering the res judicata and collateral estoppel defenses at the motion to dismiss stage, a court may consider the "documents from the underlying case." *Andrews*, 201 F.3d at 524 n.1.

Finally, *pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments[.]" *Id.*

## III.   DISCUSSION

In both its Motion to Dismiss, ECF No. 20, and its Opposition to Plaintiff's Motion to Amend, ECF No. 29, Defendant argues that the doctrine of res judicata bars Plaintiff's claims. ECF No. 20 at 3–4; ECF No. 29 at 4.

"Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Mbongo v. JP Morgan Chase Bank, N.A.*, No. PWG-14-1620, 2014 WL 3845443, at *3 (D. Md. Aug. 4, 2014), *aff'd*, 589 F. App'x 188 (4th Cir. 2015) (quoting *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008)). "For res judicata to prevent a party from raising a claim, three elements must be present:

'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Env't. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." *Id.* at 210–11.

Here, all three elements of res judicata are met. First, the Eastern District of Virginia's April 29, 2019 Order dismissing Plaintiff's suit on the basis of failure to state a claim did so with prejudice, Order at 1, *Hall*, No. 1:18cv1080, ECF No. 37 ("[T]his matter is hereby DISMISSED WITH PREJUDICE."), and thus was a final judgment on the merits. *See Huang v. Salameh*, No. PJM-06-2444, 2010 WL 3245375, at *2 (D. Md. Aug. 16, 2010) ("A dismissal with prejudice satisfies the requirement of having a previous judgment on the merits."); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947))); *Luther v. Wells Fargo Bank, N.A.*, No. 4:16-cv-00013, 2016 WL 3948109, at *3 n.4 (W.D. Va. July 18, 2016) ("A Rule 12(b)(6) dismissal with prejudice operates as an adjudication on the merits for purposes of *res judicata*."). Second, the Eastern District of Virginia case and the instant case involve the same parties or their privies, as the same plaintiff brought suit against the same defendant in each case. *Compare* ECF No. 1 *and* ECF No. 28-2, *with* Order at 1, *Hall*, No. 1:18cv1080, ECF No. 37. Finally, to the extent Plaintiff purports to raise any new claims in this case—such as claims under Title VII of the Civil Rights Act of 1964, the Whistleblower Act of 1989, or state tort law, ECF No. 1 at 6; ECF No. 1 at 7; ECF No. 1 at 8; ECF No. 28-2 at 7–8; ECF No. 28-2 at 9–14—those claims arise from the same

8

transaction or occurrence as the claims Plaintiff raised in his first suit, the 2018 termination of Plaintiff's employment, and could have been raised in that suit. Thus, the Complaint and proposed Amended Complaint at issue here are based on the same cause of action as the suit Plaintiff filed in the Eastern District of Virginia. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210–11. Because all three elements are met, the doctrine of res judicata precludes the relitigation of all of Plaintiff's claims in this case.

Finding the claims Plaintiff includes in his proposed Amended Complaint barred, the Court denies Plaintiff's Motion to Amend as futile. *Laber*, 438 F.3d at 426 (stating that a court may deny leave to amend a pleading when the amendment would have been futile). Moreover, because Plaintiff's claims as alleged in his original Complaint are also barred by res judicata, Defendant's Motion to Dismiss is granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend, ECF No. 28, is denied, and Defendant's Motion to Dismiss, ECF No. 20, is granted. A separate Order shall issue.

Date: July     28, 2021                                  /s/
                                                     GEORGE J. HAZEL
                                                     United States District Judge